IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON MAULSBY,<br><br>            *Plaintiff,*<br><br>    v.<br><br>PHILLIP EPHRAIN, et al.,<br><br>            *Defendants.* | CIVIL ACTION<br>NO. 22-4840 |

**PAPPERT, J.**                                                                                         June 14, 2023

### MEMORANDUM

Vernon Maulsby, an inmate at SCI-Phoenix proceeding *pro se*, alleges that it took Pennsylvania Department of Corrections staff and Wellpath medical providers more than half an hour to treat him after he began experiencing chest pain and shortness of breath.  He sued the Department of Corrections, SCI-Phoenix librarian Phillip Ephraim,[1] Secretary of Corrections George Little, SCI-Phoenix Superintendent Jamie Sorber (collectively, the "Commonwealth Defendants") and Wellpath, alleging denial of medical care in violation of 42 U.S.C. § 1983 and state-law medical negligence.

The Commonwealth Defendants and Wellpath move separately to dismiss, with one exception, the claims against them.[2]  The Court grants the Commonwealth Defendants' motion, except with respect to the claims against Ephraim, and grants Wellpath's motion in its entirety. The Department of Corrections cannot be sued under § 1983 and is immune from liability on the state-law claim, and Maulsby fails to state claims against Sorber or Little.  His claims against

---

[1] Mr. Ephraim's surname is misspelled "Ephrain" in the case caption.

[2] The Commonwealth Defendants do not seek dismissal of the § 1983 claim against Ephraim.

1

Ephraim survive for now. Maulsby's claims against Wellpath fail because he did not allege a policy, practice or custom to support its liability under § 1983 and did not file the Certificate of Merit required to support his state-law medical negligence claim.

I

Maulsby, who is confined to a wheelchair, alleges that while working in the library at SCI-Phoenix on January 5, 2022, he began to experience shortness of breath and chest pain. (Compl. ¶ 11.) Another inmate, Preston Carrol, told Ephraim, the work supervisor, about Maulsby's distress. (*Id.*) Ephraim said he would "come see what's going on" after he finished what he was doing. (*Id.* at ¶ 12.) After waiting for ten to fifteen more minutes, Carrol again asked Ephraim to call medical. (*Id.* at ¶ 13.) Ephraim again responded that he would do so once he finished what he was doing. (*Id.*) Rather than wait, Carrol, with permission from the desk officer on duty, brought Maulsby to medical, where he waited twenty minutes until he was seen by a nurse. (*Id.* at ¶¶ 15–17.) Maulsby was diagnosed with a lung infection and received medication. (*Id.* at ¶ 17.)

II

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. It "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.*

2

at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The Court must "construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

### III

### A

The Commonwealth Defendants move to dismiss Maulsby's § 1983 claims against Little, Sorber, and the DOC.  Maulsby correctly concedes that he has not pleaded the requisite personal involvement by Little and Sorber to state a § 1983 claim against them.  (Maulsby Response 2, ECF 14); *see also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement requirement); *Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 81 (3d Cir. 2014) (unpublished) (violating grievance procedures does not create cognizable § 1983 claim).  He is also correct in conceding that the DOC is not a "person" for purposes of § 1983 and that the statute, by its plain language, does not create a cause of action against it.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Iwanicki*, 582 F. App'x at 78 n.4 (Pennsylvania Department of Corrections is not a "person" for purposes of § 1983).  Maulsby nonetheless argues that the claim against the DOC should not be dismissed because, by removing the case to federal court, the DOC waived its sovereign immunity.  But the DOC's amenability to suit does not change the scope of the statutory language.  *See, e.g.*, *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("Regardless of Eleventh Amendment immunity, however, § 1983 does not create a cause of action against states").  The DOC cannot be sued under § 1983.

3

B

The Commonwealth Defendants also move to dismiss the state law negligence claims against them on sovereign immunity grounds. Count II of the Complaint alleges negligence relating to the medical treatment Maulsby received. (Compl. ¶¶ 19, 51–54.) This arguably relates to defendants Wellpath and Ephraim, not Little and Sorber. But construing the Complaint liberally, the Court also understands Maulsby to allege that Little and Sorber were negligent in their handling of his request slips and grievances. (Compl. ¶¶ 27, 29, 39.)

The Commonwealth Defendants concede that they waived "Eleventh Amendment" immunity by removing this case to federal court. (DOC Br. at ECF p. 5 n.2, ECF 5). But waiver of immunity from suit does not also waive a state's defenses to liability "provided by its own sovereign immunity law." *Lombardo v. Pa., Dep't of Public Welfare*, 540 F.3d 190, 200 (3d Cir. 2008); *see also Moss v. Pennsylvania*, 838 F. App'x 702, 707 (3d Cir. 2020) (unpublished). Pennsylvania law immunizes "the Commonwealth, and its officials and employees acting within the scope of their duties." 1 Pa. C.S. § 2310. The Commonwealth has waived sovereign immunity in ten limited circumstances for negligent acts involving: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S. § 8522. The exceptions to sovereign immunity are strictly construed. *Dean v. Commw., Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000).

Maulsby argues that his claim falls within the "medical-professional liability" exception for "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa. C.S. § 8522(b)(2). This exception applies only to negligent acts of medical personnel—not those of librarians, superintendents, or the Secretary of the Department of Corrections. *See McCool v. Dep't of Corr.*, 984 A.2d 565, 570 (Pa. Commw. Ct. 2009). None of the other exceptions apply to this case, so Maulsby's negligence claim against the DOC must be dismissed with prejudice. Little, Sorber and Ephraim are also immune unless they were acting outside the scope of their employment.

"Under Pennsylvania law, an action falls within the scope of employment if: (1) it is the kind that the employee is employed to perform; (2) it occurs substantially within the job's authorized time and space limits, and ; (3) it is motivated at least in part by a desire to serve the employer." *Flagg v. Int'l Union, Security, Police, Fire Prof'ls of Am., Loc. 506*, 146 A.3d 300, 309 (Pa. Commw. Ct. 2016). The party asserting immunity has the burden of proof on the issue. *Justice v. Lombardo*, 208 A.3d 1057, 1068 (Pa. 2019). "[W]hether a particular act of an employee is within the scope of his employment is ordinarily a question of fact for the jury . . . ; the only exception to this well-established rule is where neither the facts nor the inferences to be drawn from them are in dispute." *Id.* None of the allegations in Maulsby's complaint address the scope of the individual Commonwealth Defendants' employment. At this stage of the proceedings, the Court cannot determine whether Maulsby's state-law negligence claims against Sorber, Little and Ephraim are barred by sovereign immunity.

5

Even if sovereign immunity does not apply, however, Maulsby fails to state a negligence claim against Sorber and Little. "It is axiomatic that the elements of a negligence-based cause of action" in Pennsylvania "are duty, breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss." *Charlie v. Erie Ins. Exchange*, 100 A.3d 244, 250 (Pa. Super. Ct. 2014) (quotations omitted). Maulsby never contends Sorber and Little had anything to do with the delay in his care and he cannot show that their alleged after-the-fact mishandling of his grievances and request slips complaining of the delay caused his alleged injuries. *See Williams v. Syed*, 782 A.2d 1090, 1095 (Pa. Commw. Ct. 2001). The state law medical negligence claims against Little and Sorber are dismissed with prejudice. The claim against Ephraim, on the other hand, may proceed for now because Maulsby alleged Ephraim had "a duty to call the medical department in a case of an emergency," (Compl. ¶ 19), that he "failed to uphold that duty" by not calling medical when alerted to Maulsby's symptoms, (*id.*), and that the delay in obtaining treatment caused him "unnecessary pain and suffering, fear of death, anxiety, physical injuries, severe emotional trauma, and the loss of the enjoyment of life.[3] (Compl. ¶ 49).

IV

Maulsby did not respond to Wellpath's Motion to Dismiss. Nevertheless, the Court will analyze the Motion on its merits. *See Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) ("[A] Rule 12(b)(6) motion should not be

---

[3] Although this allegation is listed under Count I, the Court, in keeping with the mandate to liberally construe *pro se* litigants' pleadings, understands it to apply to both claims relating to the delayed medical treatment.

granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.").

A

Maulsby claims Wellpath delayed his access to treatment and "chose[ ] the least effective medical care possible," in violation of § 1983. (Compl. ¶¶ 41, 44.) "A municipal employer or a private employer who is a state actor such as Wellpath can only be held liable [under § 1983] if the constitutional violation was the result of a policy or custom of the municipality or private entity." *Ludwig v. Wellpath, LLC*, 2022 WL 1500556, at *1 (E.D. Pa. May 12, 2022) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). Maulsby's § 1983 claim against Wellpath fails because he has not identified any Wellpath policy or custom that resulted in the alleged delayed or deficient treatment.

B

Wellpath argues Maulsby's state-law claim against it for medical negligence should be dismissed for failure to file a Certificate of Merit. Under Pennsylvania law, a plaintiff bringing a professional malpractice action must file, either with the complaint or within sixty days of filing the complaint, a certification either that an expert has stated malpractice occurred or that expert testimony is unnecessary to prosecute the claim. Pa. R. Civ. P. 1042.3(a). If the plaintiff fails to file a Certificate of Merit, the defendant may seek dismissal of the case, provided that "(1) there is not a pending motion (a) for a determination that a [Certificate of Merit] is unnecessary in the first place or (b) seeking to extend the time to file a [Certificate of Merit]; (2) a [Certificate of Merit] was not filed before dismissal was sought; (3) the defendant has attached proof

that he served notice of the deficiency upon the plaintiff; and . . . (4) thirty days has elapsed between the notice of deficiency and the defendant's attempt to terminate the action." *Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015) (citing Pa. R. Civ. P. 1042.7(a)).  Both the Certificate of Merit requirement and the notice requirement are substantive rules that apply in federal court.  *Id.* at 121; *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011).  Maulsby filed his Complaint on October 28, 2022, and had to file a Certificate of Merit by December 27, 2022.  Pa. R. Civ. P. 1042.3(a); (State Court Record at ECF 6, p. 1).  To date, he has neither done so nor requested an extension or determination that a Certificate of Merit is unnecessary.  Wellpath served a notice of deficiency on Maulsby on November 30, 2022, (Notice of Intention to Enter Judgment for Failure to File Written Statement from an Appropriate Licensed Professional at ECF 6, p. 48), and waited more than thirty days—until January 3, 2023—to file its motion to dismiss.  (ECF 9.)  Because Maulsby's time for filing a Certificate of Merit is long up and all conditions precedent to dismissal under Rule 1042.7(a) are satisfied, dismissal of Maulsby's medical negligence claim is appropriate at this stage of the litigation.  *See Doe v. Hosp. of Univ. of Pa.*, 546 F. Supp. 3d 336, 344 & n.4 (E.D. Pa. 2021) (granting motion to dismiss for failure to file Certificate of Merit and collecting cases).

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.